**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID WILLIAMS,**

          **Plaintiff,**

**-vs-**                                                     **Case No. 6:08-cv-1771-Orl-31GJK**

**UNITED STATES OF AMERICA,**
**DEPARTMENT OF THE NAVY and**
**NORM LIVINGSTON,**

          **Defendants.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendants', the United States and the Department of the Navy, Motion to Dismiss (Doc. 9) (the "Defendants" for purposes of this Order), and Plaintiff's response in opposition thereto (Doc. 16).

**I. Overview**

In their Motion to Dismiss, Defendants contend that Counts IV, V, and VI, asserted against the Department of the Navy, must be dismissed because the Department of the Navy is not subject to suit *eo nomine* pursuant to the Federal Tort Claims Act (the "FTCA"). Furthermore, Defendants contend that Count II must be dismissed because the United States cannot be held liable for intentional infliction of emotional distress inasmuch as Plaintiff as failed to allege extreme and outrageous conduct in the Complaint.

Plaintiff concedes that Counts IV, V, and VI must be dismissed pursuant to the FTCA (Doc. 16 at 3). With respect to Count II, Plaintiff contends that he has sufficiently alleged extreme and outrageous conduct in the Complaint.

Inasmuch as the parties agree that Counts IV – VI must be dismissed, those claims will be dismissed. The Court addresses Count II, *infra*.

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346. The parties agree that Florida substantive law is controlling with respect to Count II of the Complaint.

**II. Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th

Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## III. Analysis

The standard for outrageous conduct is particularly high under Florida law. *Patterson v. Downtown Med. & Diagnostic Ctr., Inc.*, 866 F.Supp 1379, 1383 (M.D. Fla. 1994); *see also Clemente v. Horne*, 707 So. 2d 865, 867 (Fla. 3d DCA 1998).

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

*Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (citations omitted); *see also Clemente*, 707 So. 2d at 867 (quoting *State Farm Mut. Auto. v. Novotny*, 657 So. 2d 1210, 1213 (Fla. 5th DCA 1995)).

Here, Plaintiff has alleged that Defendant Livingston "firmly grabbed Plaintiff's forearm and bicep area and began shoving him down a hallway" (Doc. 1, ¶12), twisted Plaintiff's arm behind his shoulder and threw Plaintiff face down on the ground (Doc. 1, ¶14), put his knees on Plaintiff's back, spine and tail bone in order to handcuff Plaintiff (Doc. 1, ¶15), and kept his knees there for an additional "two or three minutes" before directing another officer to call for backup

(Doc. 1, ¶16). Furthermore, Plaintiff contends that he was kept handcuffed in a detention area for several hours before officers from the Orange County Sheriff's Office arrived (Doc. 1, ¶17).

Upon review, the Court concludes that the preceding allegations fall well short of the sort of extreme and outrageous conduct necessary to support a claim for intentional infliction of emotional distress under Florida law. Accordingly, Count II will be dismissed. While it is dubious whether Plaintiff can allege sufficient facts to raise a viable claim of intentional infliction of emotional distress, the Court will nevertheless grant Plaintiff leave to amend.

**IV. Conclusion**

Based on the foregoing, it is **ORDERED** that Defendants', the United States and the Department of the Navy, Motion to Dismiss (Doc. 9) is **GRANTED**. Accordingly, it is **ORDERED** that Counts IV, V and VI of the Complaint are hereby **DISMISSED** with prejudice and the Department of the Navy is **DISMISSED** as a party to this suit. It is **FURTHER ORDERED** that Count II of the Complaint is dismissed without prejudice. If he so chooses, Plaintiff may file an amended complaint within fifteen (15) days.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 28, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE