**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID WILLIAMS,**

             **Plaintiff,**

**-vs-**                                                    **Case No. 6:08-cv-1771-Orl-31GJK**

**UNITED STATES OF AMERICA and**
**NORM LIVINGSTON,**

             **Defendants.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Norm Livingston ("Defendant"), Motion to Dismiss, or alternatively, Motion for Partial Summary Judgment (the "Motion") (Doc. 26) and Plaintiff's, David Williams ("Plaintiff"), response in opposition thereto (the "Response") (Doc. 28).

## I. Overview

Plaintiff filed suit on October 14, 2008, alleging, *inter alia*, that Defendant violated his First, Fourth and Fourteenth Amendment rights (Doc. 1, ¶¶ 66-78). In Count VII, specifically, Plaintiff alleges that while he was performing his duties as a union chief steward at the Orlando Naval Air Warfare Center (the "Base"), Defendant, the Director of Security at the Base and a law enforcement officer employed by the U.S. Navy,[1] battered and then illegally detained him for several hours (Doc. 1, ¶¶ 1, 11-17 and 66-78).

---

[1] Plaintiff has sued Defendant in his personal capacity pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) [hereinafter "*Bivens*"].

In his Motion, Defendant argues that, as a matter of law, Plaintiff cannot state a claim for a First Amendment violation pursuant to *Bivens*. Accordingly, Defendant moves the Court to dismiss the claim, or alternatively, to enter judgment in his favor on Plaintiff's First Amendment claim.[2]

The Court addresses this issue, *infra*. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Factual Background[3]

On February 23, 2006, Plaintiff was on Base conducting union steward business. Around 4:00 p.m. that day, Plaintiff was escorted from the union office to the office of one Gary Fraaz. At that time, Defendant and a human resources representative were in Mr. Fraaz' office. After arriving at the office, Plaintiff received a letter terminating his employment.[4] Notwithstanding his termination, Plaintiff and his union representative, Loraine Tulliano, informed Defendant that he had a right to remain on Base until 6:00 p.m. to conduct his union steward duties. An argument then ensued regarding Plaintiff's computer access card which culminated in Defendant forcibly

---

[2]Defendant does not, however, move to dismiss Plaintiff's Fourth and Fourteenth Amendment claims.

[3]Unless otherwise stated, all facts have been drawn from Plaintiff's deposition, as cited to in Plaintiff's Response (Doc. 28 at 5-6).

[4]Plaintiff signed a letter placing him on administrative leave on November 14, 2005 (Doc. 31-2). It is unclear, however, whether this document and the letter Plaintiff refers to in his Response are one and the same. There is about a four-month's difference between the date of the letter placing Plaintiff on administrative leave and the date Plaintiff swore in his deposition that he received his termination letter. None of Plaintiff's papers in this case clarify this ambiguity or provide any relevant background or even a time line of the events at issue in this case. Accordingly, the Court has simply assumed that there are two different letters, that Plaintiff was placed on administrative leave on or about November 14, 2005, and that Plaintiff was terminated on or about February 23, 2006.

removing Plaintiff from Mr. Fraaz' office, attacking Plaintiff, and then detaining Plaintiff for a period of time.

In response to Defendant's Motion, Plaintiff has sworn that Defendant "knew or should have known about [his] union activities and detained [him] to prohibit further union speech and involvement" (Doc. 29, ¶ 7). Some four months prior to being terminated, however, Plaintiff was clearly told that, notwithstanding the fact that he was being placed on administrative leave, he would still be permitted to access the Base provided that he contacted Defendant "at least one full business day in advance," specified his "reason for access," identified where on Base he intended to visit, and stated when and for how long he intended to visit (Doc. 31-2 at 2).

In his Second Set of Interrogatories, Defendant asked Plaintiff to identify, with "regard to each Constitutional right you contend was violated," the facts "you contend demonstrate the violation of that right" (Doc. 26-3 at 4). In his unsworn 'response,' Plaintiff refused to provide an answer, citing, *inter alia*, privilege, unreasonable and undue annoyance and speculation (Doc. 26-3 at 2-3).[5]

---

[5] In a subsequent letter, Plaintiff's counsel added that "the interrogatories refer to the complaint and deposition, which satisfy the request to state a factual basis for the First Amendment claims" (Doc. 26-3 at 10).

### III. Standard of Review

#### A. Summary Judgment

Summary judgment has a special place in civil litigation. The device "has proven its usefulness as a means of avoiding full-dress trials in unwinnable cases, thereby freeing courts to utilize scarce judicial resources in more beneficial ways." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991). In operation, the role of summary judgment is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required. *See id.*; *see also Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990).

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25;

*Watson*, 252 F.Supp.2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

### B. Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The

complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

### C. *Bivens* Claims

Relying on the ancient maxim that "for every right, there is a remedy," the Supreme Court in *Bivens* created a private cause of action for damages against federal officials who violate the Fourth Amendment. 403 U.S. 388, 396-97 (1971). This "constitutional tort" was later joined by other implied causes of action, including those for violations of the Eighth and Fifth Amendments. *See Carlson v. Green*, 446 U.S. 14 (1980); *Davis v. Passman*, 442 U.S. 228 (1979). With respect to the First Amendment, however, the Supreme Court has been reluctant to extend *Bivens*. *See*, *e.g.*, *Bush v. Lucus*, 462 U.S. 367 (1983) (holding that federal employee could not state a private claim under First Amendment and observing that, in the absence of a federal statute authorizing a private cause of action, courts should exercise great hesitation in authorizing new kinds of federal litigation). Indeed, the Supreme Court has recently said in dictum:

> [W]e have declined to extend *Bivens* to a claim sounding in the First Amendment . . .
>
> [Assuming, however], without deciding, that respondent's First Amendment claim is actionable under *Bivens* . . . our decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose. Under extant precedent purposeful discrimination requires more than intent as volition or intent as awareness of consequences. It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group. It follows that, to state a claim based on a violation of a clearly established right, respondent must plead sufficient factual matter to show that petitioners adopted and implemented the detention policies at issue not for a neutral, investigative reason but for the purpose of discriminating on account of race, religion, or national origin.

*Iqbal*, 129 S. Ct. at 1948-49 (2009) (citations and quotations omitted).

In light of this and other Supreme Court cases, it is doubtful that a private cause of action exists for violations of the First Amendment. For purpose of this Order, however, the Court will assume, without deciding, that a *Bivens* claim predicated on the Free Speech Clause is viable. At a minimum, however, such a claim would have to state: (1) that the plaintiff engaged or attempted to engage in protected speech at the time of the alleged violation; (2) that the defendant clearly violated plaintiff's right to engage in such protected speech; (3) that the defendant's actions were motivated by a desire to preclude such speech; and (4) the plaintiff has no other federal remedy for the wrongful conduct at issue. *Id*.

## IV. Analysis

Plaintiff's Complaint can fairly be read to allege that Defendant attacked him while "he was conducting Union Chief Steward business" and that Defendant's attack "restricted his right to free speech" (Doc. 1, ¶¶ 12 and 71). In support of this formulaic claim, Plaintiff identifies case law finding that the performance of union steward duties may, in certain circumstances, constitute protected speech (Doc. 28 at 7, citing *Moreland v. Sherlock*, 1996 WL 111881 (N.D. Ill. March 12, 1996) (suggesting, however, that such activity might more appropriately be regarded as "association" – not "speech" – and further noting that government employers may have broad powers to place restrictions on employees' speech[6])). Plaintiff has not alleged or even identified, however, what his union steward duties were on February 23, 2006 or why he was on Base that

---

[6] The military, in particular, has the power to limit the exercise of some First Amendment rights by its personnel and on its bases. This power extends to civilian personnel. *See*, *e.g.*, *Ethredge v. Hall*, 56 F.3d 1324, 1325-27 (11th Cir. 1995).

day. Even assuming that Plaintiff was engaged in protected speech at the time of the attack and that the attack clearly violated Plaintiff's right to engage in that speech, Plaintiff has not alleged – nor has he created any disputed issue of material fact – that Defendant attacked him because of, or in order to preclude, Plaintiff's protected speech. Furthermore, Plaintiff cannot demonstrate that he has no other federal remedy for the attack and detention.

Indeed, on the record before the Court, it seems clear that prior to his termination and while he was on administrative leave, Plaintiff had been given access to the Base for the purpose of carrying out his union activities. Although this access was restricted, it is illogical to conclude that Defendant would attack Plaintiff on February 23, 2006 – nearly four months after Plaintiff had been placed on leave – for the purpose of limiting his speech that particular day. Other than Plaintiff's conclusory assessment of Defendant's intent, there is simply no evidence that the attack was purposely meant to limit Plaintiff's speech. In any event, Plaintiff has already alleged a viable *Bivens* claim under the Fourth Amendment. That claim, like Plaintiff's First Amendment claim, is predicated on the same attack and detention. Should Plaintiff be entitled to relief on his Fourth Amendment claim, any additional relief under the First Amendment would, on the facts of this case, clearly be superfluous. In the absence, then, of some compelling violation of Plaintiff's First Amendment rights, there is no reason for this Court to fashion a new cause of action that has never been authorized by Congress or recognized by the Supreme Court.

**V. Conclusion**

For the foregoing reasons, it is **ORDERED** that Defendant's Motion (Doc. 26) is **GRANTED**. Plaintiff's First Amendment claim in Count VII is hereby **DISMISSED** with prejudice for failure to state a claim.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 29, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE