THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:08-cv-1771-Orl-31GJK

DAVID WILLIAMS,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,
DEPARTMENT OF THE NAVY and
NORM LIVINGSTON, in his individual
capacity,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR CLERK'S TAXATION OF COSTS and OBJECTION TO
TAXATION OF COSTS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, **DAVID WILLIAMS** (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, and pursuant to Federal Rules of Civil Procedure 54(d)(1) and 28 USCA §1920, hereby files this Response in Opposition to Defendant's Motion For Clerk's Taxation of Costs and Objection to Taxation of Costs contained in the Proposed Bill of Costs filed against Plaintiff by Defendants, **NORM LIVINGSTON** (hereinafter referred to as "Defendant Livingston"), and **UNITED STATES OF AMERICA** (hereinafter referred to as "Defendant USA") (hereinafter collectively referred to as "Defendants"), on June 9, 2010, and states as follows:

Defendants seek $2,842.35 for fees for printed or electronically recorded transcripts alleged by Defendants to be necessary in the case.  While Defendants do

38688 v5

attach invoices for the transcripts to their Bill of Costs, the invoices reflect costs that are not recoverable and taxable against Plaintiff, including costs for condensed transcripts and delivery costs.   Defendants cannot recover costs for postage and delivery costs or mini-transcripts.  28 USCA §1920(2); *Correa v. The Illinois Department of Corrections,* 2008  US  DIST  LEXIS  7540,  *4  (N.D.  Ill.  2008)("Postage  or  delivery  costs  are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts"); *Trohoske v. McDonough Power Equipment Co.,*  118 FRD 425, 426 (W.D. Penn.  1988)(ordinary  costs  of  doing  business  are  not  taxable  as  costs);   28  USCA §1920(2); *Halliburton Energy Servs.  v. M-I, LLC*, 244 F.R.D. 369 (E.D. Tex. 2007); *See also Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 688 (E.D. Tex. 2007) (Costs for Condensed transcripts not recoverable).

Further, Defendants seek costs for purchasing the deposition transcript of Steve Bremmenkamp.  However, this deposition was not used at trial and was not used in a *successful* motion for summary judgment.  While Defendants assert that his deposition was necessary for the trial due to Plaintiff issuing a subpoena on him, Defendants fail to mention in their Motion that he was on their witness list but was not called at the trial.[1] Further, since he was not present at the time of the alleged incident, Bremmenkamp's testimony was not being used for any material matter in the case.

Additionally, Bremmenkamp's deposition testimony was not read at trial.

> … [d]eposition costs may properly be allowed where the deponent is not a
> witness at trial.  Part or all of a deposition, depending on its use, is

---

[1]Plaintiff had him subpoenaed in the event that he needed to be called for rebuttal testimony.

38688 v5

certainly reasonably necessary for use in the case where it is read into evidence in connection with some material matter; and may properly be treated as reasonably necessary, although not read into evidence, when it serves a real value in connection with cross examination, but not when its use is rather trivial.  And a deposition may be reasonably necessary for use in the case, although it is not used at all at trial, as where: it is used in connection with a successful motion for summary judgment….

*Georgios Mastrapas v.  New York Life Insurance Company,* 93 F.R.D. 401, 406; (E.D. Mich. 1982) citing to 6 Moore's Federal Practice P 54.77(4) at 1722.

Defendants further argue that Steve Bremmenkamp's testimony was used in their Motion for Summary Judgment.  However, as stated above, in order for the deposition cost to be taxable for use on a Summary Judgment, the motion has to be successful.  *Id.* Defendant Livingston was not successful in his Motion for Summary Judgment and this Court reserved ruling as to the United States of America.  Accordingly, this Court should deny Defendants' request to tax the cost for the deposition of Steve Bremmenkamp in the amount of $197.75 and the award of costs should be reduced accordingly.

Additionally, Defendants are seeking costs for the witness expenses for the testimony of Larry McCracken at trial and seek $933.40 in costs against Plaintiff.  When a party stipulates to the testimony of a witness and the opposing party still brings them to trial from out of town the cost should not be taxed against the losing party who agreed to the stipulation of testimony of that witness.  *United States v. Metropolitan Disposal Corp.*, 622 F. Supp. 1262, 1267 (D.C. Or. 1985) (When a party against whom costs are to be assessed agreed to stipulate to the testimony of a government employee and the trial testimony was primarily covered by the stipulation, cost for the witnesses attendance at the trial were denied).  Both Plaintiff and Defendants designated portions of Larry

38688 v5

McCracken's testimony for trial.  Despite the designations offered by both parties, which would have covered the same testimony adduced at trial, the stipulated testimony made the need for live testimony from Larry McCracken unnecessary and a waste of costs. Therefore Plaintiff should not be taxed costs against him for the Defendants choice to present live testimony instead of allowing the stipulated testimony to be read to the jury. Accordingly, Defendants should not be entitled to a Bill of Costs against Plaintiff for the witness expenses for bringing Larry McCracken to trial.

Further, Defendants are asking this Court to award costs to them for the roundtrip airfare of Larry McCracken.  Other district courts have denied the award of costs for roundtrip airfare.  In *Georgios Mastrapas*, *Supra*, citing to *Linneman Construction, Inc. v. Montana- Dakota Utilities Co. Inc.*, 504 F.2d 1365, 1372 (8th Cir. 1974) the Court ruled that the clerk's award of round trip airfare was improper and stated "[a]s noted, §§ 1821 (c)(1) and (c)(4) provide for the taxation of normal travel expenses within and outside the judicial district of the distance necessarily traveled to and from the witness's residence.  However, the court should limit travel expenses for out-of-state witnesses to the 100 mile radius of its subpoena power, absent a showing of special circumstances." Accordingly, the Court further ruled that only the mileage for 100 miles radius could be assessed as costs.  *Id.* at 406.  Defendants have not shown special circumstances making it necessary to fly Larry McCracken to the trial.  Therefore, based on the foregoing, Defendant's costs for the travel expenses for Larry McCracken should be limited to the mileage reimbursement for the 100 mile radius which would be $50.50 per day plus the $40.00 per day witness fee.

38688 v5

## CONCLUSION

It is the moving party's burden to specifically identify and provide underlying data to support the taxation of costs and Defendants are only entitled to recover costs that they are entitled to under 54(d)(1) and 28 USCA §1920.  Defendants have failed to point out to the Court in this case that they are seeking costs for which they are not entitled and, therefore, the attempt to tax costs as referenced above should be denied, or in the alternative be reduced to the amounts they are allowed to recover for allowable costs. *Trohoske v. McDonough Power Equipment Co.,* 118 F.R.D. 425, 426 (W.D. Penn. 1988).

DATED this 11th day of June, 2010.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the CM/ECF system and sent by electronic mail on this 11th day of June, 2010, to:  **BRADLEY M. BOLE, ESQUIRE**, Assistant United States Attorney, 501 W. Church Street, Suite 300, Orlando, Florida, 32805; and **KYLE S. COHEN, ESQUIRE**, Assistant United States Attorney, 2110 First Street, Suite 3-137, Ft. Meyers, Florida 33901.

/s/ Howard S. Marks
**HOWARD S. MARKS, ESQUIRE**
Florida Bar Number: 0750085
**ABBYE E. ALEXANDER, ESQUIRE**
Florida Bar Number:  0662348
BURR & FORMAN LLP
369 N. New York Avenue (32789)
Post Office Drawer 1690
Winter Park, Florida 32790
Telephone:  (407) 647-4455
Facsimile:  (407) 740-7063
*Attorneys for Plaintiff*

38688 v5